UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL ROWE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　　　　　　　　　Defendants. | Case No. 2:16-cv-00661-JCM-PAL<br><br>ORDER<br><br>(Mot Stay – ECF No. 31) |

Before the court is Plaintiff's Countermotion to Stay Proceedings against Defendant Clark County Education Association (ECF No.31) filed May 24, 2016.  The court has considered the Motion, and Defendant Clark County Education Association's Response (ECF No. 40) filed June 10, 2016.

The complaint in this case was filed in state court and removed March 16, 2016.  Rowe is a former Clark County School District (CCSD) teacher who was terminated after a February 21, 2014 arrest for "furnishing a dangerous drug without a prescription." The charge was eventually dismissed but CCSD sought to terminate him under the provisions of NRS 391.  A dismissal arbitration was held November 3, 2014. The arbitrator found that Rowe's conduct in offering to sell marijuana and a schedule II controlled substance to an undercover officer constituted gross misconduct and immorality warranting his termination. He filed this case asserting claims against CCEA for breach of contract, breach of fiduciary duty, unlawful dissemination of criminal records, constitutional and civil rights violations and infliction of emotional distress. He also seeks punitive damages and declaratory relief.  CCEA filed a motion to dismiss which argues the court lacks subject matter jurisdiction over 6 of the claims, and Rowe fails to state a claim for which relief may be granted.

Rowe filed an opposition to the motion to dismiss, a counter motion to amend, and this motion to stay in one document in violation of LR IC 2-2(b) which requires a separate document to be filed for each type of relief requested. The motion to stay was automatically referred to the undersigned. The motion to dismiss and counter motion to amend will be decided by the district judge.

Rowe asks that to the extent the court finds all or a portion of his claims against CCEA fall within the exclusive jurisdiction of the Management Relations Board (EMRB) the court should stay proceedings against CCEA in this case to allow him to bring his claims before the EMRB He argues a stay would avoid wasteful pretrial proceedings. He acknowledges that NRS 288.110(4) establishes a 6 month statute of limitations to bring EMRB claims but asserts that the statute of limitations was equitably tolled by filing an original complaint on April 13, 2015.

CCEA opposes the motion to stay asserting that an EMRB claim must be brought within 6 months of when an aggrieved party becomes aware that a prohibited practice has taken place. The face of Rowe's amended complaint establishes that the Clark County School District notified Rowe that it was recommending dismissal approximately 27 months before he filed the complaint and the 6 months statute of limitations expired long before he filed the original complaint. Additionally, CCEA argues Nevada has never recognized equitable tolling when a plaintiff timely asserts a claim in the wrong forum, and that Nevada only permits equitable tolling when a defendant is not prejudiced and the interests of justice require it. Alternatively, CCEA contends that even if the court considered Rowe's equitable tolling arguments, because the dismissal arbitration was held November 2, 2014 and plaintiff's complaint was not filed until April 13, 2015 Rowe did not timely assert his rights in the wrong forum.

The court finds a stay for the purpose of allowing Rowe to assert his claims to the ERMB would be futile. Pursuant to NRS 288.110(4) the EMRB "may not consider any complaint or appeal brought more than 6 months after the occurrence which is the subject of the complaint or appeal." From the face of his complaint Rowe claims CCEA was obligated to grieve CCSD's decision to institute and carry out his termination. The 6 months statute of limitations for bringing his claims before the EMRB expired long before he filed the complaint. The complaint

alleges Rowe was suspended as a probationary teacher on March 18, 2014, after the criminal charges were dismissed CCSD was required to reinstate him with back pay no later than June 23, 2014, but was not. Additionally a stay would unnecessarily delay adjudication of any of the parties' disputes which remain after pending dispositive motions are decided.

**IT IS ORDERED** that Plaintiff's Countermotions to Stay Proceedings against Defendant Clark County Education Association (ECF No.31) is **DENIED**.

DATED this 6th day of July, 2016.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE