UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MICHAEL ROWE,

Plaintiff(s),

v.

CLARK COUNTY SCHOOL DISTRICT, et al.,

Defendant(s).

Case No. 2:16-CV-661 JCM (PAL)

ORDER

Presently before the court is plaintiff's countermotion for leave to amend its first amended complaint. (ECF No. 30). Defendant Clark County Education Association ("CCEA") filed a response (ECF No. 40), as did defendants Clark County School District ("CCSD") and Clark County School District Police Department ("CCSDPD") (ECF No. 38). Plaintiff did not file corresponding replies.

Also before the court are the motions to dismiss, submitted by CCEA, CCSD, and CCSDPD. (ECF Nos. 17, 19). Plaintiff filed responses to those motions (ECF Nos. 29, 32), and defendants filed replies (ECF Nos. 34, 35).

## I.    Introduction

This action allegedly stems from plaintiff's termination as an employee of CCSD for selling Kamagra Oral Jelly to an undercover officer of the Las Vegas Metropolitan Police Department. (ECF No. 1). Plaintiff states the jelly is not a controlled substance and that he had no reason to believe that its possession would be unlawful. (*Id.*).

As a result of plaintiff's attempted sale, he was arrested on February 21, 2014. (*Id.*). Plaintiff alleges that one of the defendants either improperly provided or received the records of his criminal history identifying that arrest. (*Id.*). Thereafter, CCSD suspended, and later

terminated, plaintiff for his use of the jelly "and a 'pending' conviction for a felony." (*Id.* at 11). The prosecution of plaintiff was eventually dismissed. (*Id.*).

However, plaintiff was never reinstated with CCSD. (*Id.*). Plaintiff's action involves the alleged conduct of CCSD and CCSDPD in relation to his employment as well as CCEA's alleged failure to "adequately and properly grieve and defend [plaintiff] or his best interests in connection with CCSD's termination of [plaintiff] as required by the Collective Bargaining Agreement." (*Id.* at 11). Additionally, plaintiff contests the propriety of the arbitration proceeding that occurred subsequent to plaintiff's termination. (*Id.*).

Consequently, plaintiff alleges the following claims/forms of relief in his first amended complaint: (1) vacation of the arbitration award for "corruption, fraud and/or other undue means"; (2) breach of contract by wrongful termination against CCSD; (3) breach of contract against CCEA for failure to properly file grievances on plaintiff's behalf; (4) breach of fiduciary duty against CCEA for the same; (5) unlawful dissemination/obtention/use of records of criminal history against all defendants; (6) a claim under 42 U.S.C. § 1983 for violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights under the United States and Nevada Constitutions against all defendants; (7) infliction of emotional distress against all defendants; (8) punitive damages against all defendants; and (9) declaratory relief against CCSD and CCEA with respect to the collective bargaining agreement. (ECF No. 1 at 14–23).

## II.     Legal Standards

### a.  Amending the complaint

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." The Supreme Court has interpreted rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

Furthermore, "[a]s [the Ninth C]ircuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (citation and quotation marks omitted).

### b. Motion to dismiss

The court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although rule 8 does not require detailed factual allegations, it does require more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, a formulaic recitation of the elements of a cause of action will not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (citation omitted). Rule 8 does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Id.* at 678–79. Further, Federal Rule of Civil Procedure 12(b)(1) allows a party to assert the defense of the court's lack of subject matter jurisdiction.

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* When a complaint pleads facts that are merely consistent with a defendant's liability, and shows only a mere possibility of entitlement, the complaint does not meet the requirements to show plausibility of entitlement to relief. *Id.*

In *Iqbal,* the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. *Id.* First, the court must accept as true all of the allegations contained in a complaint. However, this requirement is inapplicable to legal conclusions. *Id.* Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 678. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* at 679. When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court held:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III.    Discussion

CCSD argues, and plaintiff concedes, that CCSDPD is a division of CCSD and therefore should not be a named defendant. *See* (ECF Nos. 19, 32). Therefore, CCSDPD will be dismissed from this action.

#### a.    Futility of amendment

Leave to amend a complaint should not be granted if amendment would be futile. *See Foman*, 371 U.S. at 182. Here, CCSD argues that the second amended complaint is futile because plaintiff has not complied with the statutory requirement of requesting that specific relief in the form of a motion. (ECF No. 38) (citing Nevada Revised Statute ("NRS") § 38.241 ("Upon motion to the court by a party to an arbitral proceeding, the court shall vacate an award made in the arbitral proceeding . . . .")).

Here, CCEA correctly argues that NRS 38.241, which governs avenues for contesting an arbitration decision, requires that a motion to vacate an arbitration award be submitted within 90 days of notice of the award. (ECF No. 75); *see also* Nev. Rev. Stat. § 38.241(1).

This case was removed to federal court on March 25, 2016, and the complaint is unequivocal that plaintiff had notice of the arbitration award and knew the purported ground for his motion to vacate. *See* (ECF No. 1).[1] Plaintiff's response discusses NRS 38.218, which involves providing notice of a motion—not the actual filing of the motion itself. *See* (ECF No.

---

[1] Plaintiff eventually filed his motion to vacate the arbitration award on February 21, 2017. (ECF No. 73). However, Magistrate Judge Leen granted the motion to strike plaintiff's motion to vacate. (ECF No. 96).

32). Because plaintiff has not shown that he has filed a motion to vacate within 90 days of notice of the arbitration award, this claim will be dismissed.

This holding has consequences for the motion to amend. Plaintiff bases that motion in part upon the allegation of "facts establishing personal biases of the Arbitrator in this case." (ECF No. 30 at 17). Therefore, the second amended complaint would be flawed *ab initio* because the arbitration relief cannot be granted but through a motion—and any motion requesting the same would be untimely. *See* LR 15-1; *see also* Nev. Rev. Stat. § 38.241. Accordingly, plaintiff's motion to amend will be denied. *See Silva v. Gregoire*, No. C05-5731 RJB/KLS, 2006 WL 3289627, at *2 (W.D. Wash. Nov. 13, 2006) (citing *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984)) ("If a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a).").

### b. *Dismissal*

As an initial matter, there is no independent cause of action for punitive damages or declaratory relief. *See Audette v. Int'l Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 n.2 (9th Cir. 1999); *Lund v. J.C. Penney Outlet*, 911 F. Supp. 442, 445 (D. Nev. 1996). Therefore, claims eight and nine will be dismissed as to both remaining defendants.

### 1. *Claims against CCEA*

The court first considers plaintiff's claims against CCEA. The court will indicate if a subsection's holding also extends to plaintiff's claims against CCSD.

### A. *Claims three and four*

CCEA argues that plaintiff's third, fourth, fifth, sixth, and seventh causes of action against that party should be dismissed because the Local Government Employee Management Relations Board (the "EMRB") has exclusive jurisdiction to hear claims arising from NRS Chapter 288, plaintiff has failed to exhaust his administrative remedies, CCEA is not required to assert a grievance, and CCEA did actually grieve plaintiff's termination. (ECF No. 17) (citing *Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 49 P.3d 651 (Nev. 2002), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 170 P.3d 989 (Nev. 2007)).

The Nevada Supreme "[C]ourt has recognized that the EMRB has exclusive jurisdiction over unfair labor practice issues." *City of Reno v. Reno Police Protective Ass'n*, 59 P.3d 1212, 1217 (Nev. 2002); *see also* Nev. Rev. Stat. § 288.280. Therefore, this court evaluates which claims it may presently consider.

In light of plaintiff's claims against both CCEA and CCSD, this is a hybrid action because some of the claims at issue, such as the constitutional claims, are outside of the EMRB's exclusive jurisdiction; moreover, the Nevada Supreme Court has indicated that a trial court may exercise subject matter jurisdiction over these claims in such an action. *See Clark Cnty. v. Tansey*, No. 68951, 2017 Nev. Unpub. LEXIS 151, at *3–4 (Nev. Mar. 1, 2017) (citing federal law when considering whether the EMRB had exclusive jurisdiction over the conflict that produced a hybrid case); *see also* Nev. Rev. Stat. § 288.110(2).

However, that court also suggested that a trial court may exercise jurisdiction over claims subject to EMRB's purview only if a plaintiff had exhausted his or her administrative remedies. *See Tansey*, 2017 Nev. Unpub. LEXIS 151 at *3 n.2 (noting that "it was proper for the district court to entertain [plaintiff]'s claims" because "[plaintiff] exhausted the available grievance procedure under the collective bargaining agreement, as the Union declined to bring [plaintiff's] claim to arbitration and the [EMRB] dismissed his complaint.").

Plaintiff concedes that the EMRB has not reached a decision on his claims against CCEA. (ECF No. 29). Thus, this court may not exercise jurisdiction over plaintiff's claims that fall under the EMRB's purview (claims three and four) because they remain unexhausted.

### B. Claims five, six, and seven

The court now considers plaintiff's claims that lie outside of the EMRB's exclusive jurisdiction: his criminal record dissemination, constitutional tort, and emotional distress claims. (ECF No. 29).

Plaintiff's fifth claim addressing CCEA's alleged dissemination or use of criminal history records cannot proceed at this time because he has failed to properly allege, in a non-conclusory fashion, that CCEA was involved in any illicit distribution of plaintiff's criminal record. *See* (ECF No. 1); *see also Iqbal*, 556 U.S. at 678–79.

Next, plaintiff has not plausibly alleged that CCEA is a state actor and therefore subject to § 1983 liability. *See* (ECF Nos. 1, 29); *see also Chudacoff v. Univ. Med. Ctr. of S. Nevada*, 649 F.3d 1143, 1149 (9th Cir. 2011) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982)).

Indeed, plaintiff attempts to argue—without any citation to case law—that CCEA is essentially a state actor because its members are state employees that are purportedly amenable to the political whims of CCSD. (ECF No. 29). These allegations and arguments are conclusory; therefore, plaintiff's constitutional claims will be dismissed as to CCEA.

Plaintiff next alleges that CCEA either intentionally or negligently inflicted emotional distress against him. (ECF No. 1). Although plaintiff incorporates prior allegations of fact into this portion of his complaint, there is no clear interplay between those general facts and the "formulaic recitation of elements of [this] cause of action" otherwise presented in his complaint. *Twombly*, 550 U.S. at 555 (2007); *see also* (ECF No. 1). Therefore, this cause of action will be dismissed as to both CCEA and CCSD.

### 2. Claims against CCSD

#### A. Claim two

Plaintiff's second claim alleges breach of contract against CCSD for his allegedly improper termination. (ECF No. 1). CCSD argues that claims requiring the interpretation of a collective bargaining agreement are exclusively subject to the review process provided for in that agreement—not in front of a court. (ECF No. 19).

Plaintiff acknowledges that his employment was subject to "the terms of that . . . Collective Bargaining Agreement referred to herein." (ECF No. 1 at 15). Additionally, plaintiff also alleges that "[t]here may be other breaches of [plaintiff]'s employment agreement by CCSD in violation of the Collective Bargaining agreement, all of which are incorporated herein by reference." (ECF No. 1 at 16).

Based upon the previous discussion regarding this court's ability to hear claims that would fall under the EMRB's jurisdiction, it is clear that this claim is based upon allegations of a prohibited labor practice. Indeed, plaintiff himself states that "those claims which allege direct

breaches and request interpretation of the Collective Bargaining Agreement by CCEA arguably arise under NRS Chapter 288." (ECF No. 29 at 12); *see also City of Reno*, 59 P.3d at 1217 (2002).

Again, plaintiff concedes that he has not pursued an action before the EMRB. (ECF No. 29). Thus, this claim cannot be heard by this court because plaintiff's failure to exhaust this claim with the EMRB deprives this court of jurisdiction.

### B. Claim five

NRS 179A.100(1) provides: "[R]ecords of criminal history may be disseminated by an agency of criminal justice without any restriction pursuant to this chapter . . . which pertain to an incident for which a person is currently within the system of criminal justice, including parole or probation." *See also* 1983 Nev. Op. Att'y Gen. 9, 1983 WL 171440 (1983) (discussing arrest records).

Therefore, plaintiff's allegations that CCSD was involved in the use or obtention of criminal history records do not state a claim for relief because plaintiff had been arrested before the CCSD proceedings occurred. (ECF No. 1). Thus, this claim will be dismissed.

### C. Claim six

Plaintiff alleges that CCSD officers did not provide *Miranda* warnings before interrogating him about plaintiff's suspected criminal activity and further asserts that CCSD later used plaintiff's statements as justification for his termination. (*Id.*). Additionally, plaintiff alleges that he tried to ask for legal counsel during that period, and a CCSDPD officer continued with the interrogation. (*Id.*). Plaintiff states that he was also not permitted legal counsel at an employment-related preliminary investigatory conference. (*Id.*).

First, plaintiff asserts that his due process rights were violated under Article 1 of the Nevada Constitution because CCSD obtained or disseminated his criminal history records without any legal basis for doing so. (*Id.*). As discussed in the previous subsection, this argument is legally inaccurate.[2]

---

[2] Moreover, plaintiff correctly offers that, generally, "[v]iolations of state laws do not give rise to liability under Section 1983." (ECF No. 19 at 13 n.9) (citing *Campbell v Burt*, 141 F.3d 927, 930 (9th Cir. 1998)).

Second, plaintiff's alleged *Miranda* violation cannot survive the motion to dismiss because there is no allegation that a custodial interrogation was at issue. *See* (ECF No. 1); *see also Miranda v. Arizona*, 384 U.S. 436, 444 (1966).

Third, there are no factual allegations indicating that plaintiff or his property were unreasonably seized. *See* (ECF No. 1); *see also Wiideman v. McMillion (Wanda)*, 876 F.2d 898 n.1 (9th Cir. 1989) (an unreasonable search or seizure is a necessary allegation for this variety of Fourth Amendment claim).

Fourth, CCSD is incorrect that the Fifth Amendment protection against self-incrimination applies only to criminal proceedings; it may also apply in a civil proceeding if "the testimony might later subject the witness to criminal prosecution." *Lefkowitz v. Cunningham*, 431 U.S. 801, 805 (1977).

Although the relevant criminal charges against plaintiff were eventually dismissed, the complaint indicates that plaintiff was charged with a crime *after* his employment was terminated.[3] (ECF No. 1 at 10). Thus, it is possible that statements made in a prior civil hearing could have been used against him in the subsequent criminal prosecution. Consequently, the denial of plaintiff's request for an attorney to represent him at the CCSD investigatory conference survives the present motion. (ECF No. 1); *see also Arnold v. McCarthy*, 566 F.2d 1377, 1385 (9th Cir. 1978) (indicating that the dismissal of a defendant's charge pending further investigation might not foreclose later prosecution under the Fifth Amendment's Double Jeopardy Clause).

### IV. Conclusion

In sum, all claims against all defendants will be dismissed, except for plaintiff's § 1983 claim against CCSD regarding his Fifth Amendment right against self-incrimination, without prejudice.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to amend the complaint (ECF No. 30) be, and the same hereby is, DENIED.

---

[3] Plaintiff's response discusses the "shock the conscience" standard but has not shown that any alleged actions meet this standard. (ECF No. 32).

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that CCEA's motion to dismiss (ECF No. 17) be, and the same hereby is, GRANTED, without prejudice.

IT IS FURTHER ORDERED that CCSD and CCSDPD's motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED IN PART AND DENIED IN PART, without prejudice.

IT IS FURTHER ORDERED that CCSDPD is dismissed from the case.

IT IS FURTHER ORDERED that, if plaintiff wishes to submit a renewed motion to amend his complaint, he must do so within thirty (30) days of the date of this order. Any proposed amended complaint must comply with Local Rule 15-1, and the motion must comply with Federal Rule of Civil Procedure 15.

DATED April 28, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge