UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ROWE,<br>　　　　　　　　Plaintiff,<br>　v.<br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br>　　　　　　　　Defendants. | Case No. 2:16-cv-00661-JCM-PAL<br><br>**ORDER**<br><br>(Mots. to Strike – ECF No. 104, 105) |

This matter is before the court on Defendants Clark County School District and Clark County School District Police Department's: Motion to Strike Plaintiff's Amended Motion to Compel a Dismissal Hearing [Doc. 102] (ECF No. 104) and Motion to Strike Plaintiff's Letter to Your Honor [Doc. 103] (ECF No. 105). These Motions are referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice. The court has considered the Motions, Plaintiff Michael Rowe's Response (ECF No. 111), and the Joinders (ECF Nos. 108, 108) of Defendant Clark County Education Association.

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This includes the power to strike improperly filed items from the docket. *Id*. at 404–05; *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 586–87, 588 (9th Cir. 2008). Such power is indispensable to the court's ability to enforce its orders, manage its docket, and regulate insubordinate litigant conduct. *Adobe Sys. Inc. v. Christenson*, 891 F. Supp. 2d 1194, 1201 (D. Nev. 2012).

Additionally, Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to

1

compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp.*, 929 F.3d 1358, 1362 (9th Cir. 1990) (en banc)). Once a motion is filed, filing a duplicate motion will not speed up the court's review of a movant's request since motions are generally addressed in the order which they were filed. To the contrary, filing duplicate motions increases the court's workload and generally delays decision while a new round of responses and reply deadlines run.

Defendants' Motion to Strike (ECF No. 104) points out that Mr. Rowe's Amended Motion to Compel a Dismissal Hearing (ECF No. 102) contains a duplicative request for relief. Local Rule 7-2 allows a motion, a response, and a reply. The Federal Rules of Civil Procedure and the Local Rules of Practice do not provide for a "surreply" (*i.e.*, a second opposition) or a supplemental filing (*i.e.*, an "amended motion") as a matter of right. *See* LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause."). Rowe's Amended Motion was filed without leave of the court and in violation of the Local Rules. The court will not permit Mr. Rowe to circumvent the rules in a never ending attempt to have the last word or to enhance his filings. Thus, the Amended Motion will be stricken.

Defendants' Motion to Strike (ECF No. 105) asks the court to strike a letter addressed to "Your Honor" in which Mr. Rowe discusses the filing of an amended motion to compel "dismissal arbitration." This court has previously explained to him that "letters to the court . . . are not motions authorized by the Federal Rules of Civil Procedure or the Local Rules of Practice." Mar. 27, 2017 Order (ECF No. 96). Thus, the court explicitly informed him that he is not permitted to send his judges case-related correspondence such as letters. *See* LR IA 7-1(b) (stating that "all communications with the court must be styled as a motion, stipulation, or notice"). Accordingly, the court will grant Defendants' motion and strike the letter.

Litigation misconduct includes the filing of procedurally improper documents. The court cautions Mr. Rowe that filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the court and all of the parties to this lawsuit. Rowe is warned that continued filing of letters, requesting relief that has already been denied, or the same relief in pending motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including dismissal of this case.

Accordingly,

**IT IS ORDERED:**

1. Defendants' Motions to Strike (ECF No. 104) and (ECF No. 105) are **GRANTED**.
2. The Clerk of the Court is instructed to **STRIKE** Plaintiff Michael Rowe's Amended Motion to Compel a Dismissal Hearing (ECF No. 102) and Letter to Your Honor (ECF No. 103).

Dated this 23rd day of June, 2017.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE