UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MICHAEL ROWE,<br><br>Plaintiff(s),<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-661 JCM (PAL)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Michael Rowe's ("plaintiff") renewed motion for leave to amend his first amended complaint. (ECF No. 113). Defendant Clark County Education Association ("CCEA") filed a response (ECF No. 114), as did defendant Clark County School District ("CCSD") (ECF No. 115). Plaintiff did not file corresponding replies.

Also before the court are the motions for summary judgment, submitted by CCSD, CCSDPD, and CCEA. (ECF Nos. 76, 77). Plaintiff filed responses to those motions (ECF Nos. 81, 92), and defendants filed replies (ECF Nos. 85, 95).

I.   **Facts**

On April 28, 2017, the court denied plaintiff's countermotion to amend his first amended complaint.[1]  *See* (ECF No. 110).

In the same order, the court granted CCEA's motion to dismiss, granted in part and denied in part CCSD and CCSDPD's motion to dismiss, and dismissed CCSDPD from the case. *See* (*id*.). In addition, the court gave plaintiff thirty (30) days from the date of the order to file a renewed motion to amend his complaint if he wished. *Id*.

---

[1] Prior to the court's order on April 28, 2017, defendants CCSD, CCSDPD, and CCEA filed motions for summary judgment on February 27, 2017. *See* (ECF Nos. 76, 77).

Thereafter, on May 26, 2017, plaintiff filed the instant motion seeking leave to amend his first amended complaint and filed his proposed second amended complaint[2] ("proposed amended complaint") adding various defendants and claims.[3] (ECF No. 113).

In plaintiff's proposed amended complaint, plaintiff seeks to add five (5) new defendants and exclude Las Vegas Metropolitan Police Department and CCSDPD, in accordance with the court's previous orders (ECF Nos. 60, 63, 110). (ECF No. 113). The five proposed additional defendants are: Nevada State Education Association ("NSEA"), Dyer and Lawrence Law Firm, The Law Office of Alexis Brown Law, Esq., The Law Office of Robert Spretnak, Esq., and The Law Office of Daniel Marks, Adam Levine, Esq. (ECF No. 113-1).

Further, plaintiff alleges the following fifteen (15) causes of action in his proposed amended complaint: (1) intentional tort against all defendants; (2) a claim under 18 U.S.C. § 241 against all defendants; (3) a claim under 18 U.S.C. § 1964 against all defendants; (4) breach of contract by wrongful termination against CCSD; (5) negligence against CCEA, CCSD, Dyer and Lawrence Law Firm, and NSEA; (6) breach of contract against CCEA and NSEA; (7) unlawful dissemination/obtention/use of records of criminal history against Robert Spretnak, CCEA, CCSD, and Dyer and Lawrence Law Firm; (8) a claim under 42 U.S.C. § 1983 for violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights under the United States and Nevada Constitutions against Dyer and Lawrence Law Firm, CCEA, NSEA, and CCSD; (9) deprivation of his rights under the color of law against all defendants; (10) obstruction of justice against all defendants; (11) legal misconduct against Adam Levine, Robert Spretnak, Alexis Brown, Dyer and Lawrence Law Firm, CCEA, and CCSD; (12) conflict of interest against all defendants; (13) infliction of

---

[2] Plaintiff served his proposed amended complaint to all defendants listed in the proposed complaint violating Local Rule 15-1(b), which states "[i]f the court grants leave to file an amended pleading, and unless the court orders otherwise, the moving party must then file and serve the amended pleading." *See* (ECF No. 113-2).

[3] Plaintiff filed his proposed amended complaint on his former attorney's personalized pleading paper. (ECF No. 113). Plaintiff is no longer represented by Ms. Alexis Brown and should refrain from using her pleading paper when filing documents with the court.

**James C. Mahan**
**U.S. District Judge**

- 2 -

emotional distress against all defendants; (14) punitive damages against all defendants; and (15) gross negligence against all defendants.[4] (ECF No. 113-1 at 18–31).

Thereafter, on June 19, 2017, plaintiff filed another motion seeking leave to amend his first amended complaint. (ECF No. 117). However, plaintiff's most recent motion for leave to amend (ECF No. 117) does not comply with the court's previous order.[5] *See* (ECF No. 110 at 10). Additionally, plaintiff's new motion lacks a satisfactory explanation for the delay in filing the new motion for leave to amend.

In light of the foregoing, plaintiff's most recent motion for leave to amend (ECF No. 117) will be stricken. *See Ready Transp., Inc. v. AAR Mfg., Inc.,* 627 F.3d 402, 404 (9th Cir. 2010) (holding that "courts have inherent power to control their dockets[, which] includes the power to strike items from the docket.").

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." Moreover, "[a] district court determines the propriety of a motion to amend by ascertaining the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Indeed, "this determination should be performed with all inferences in favor of granting the motion." *Id.* The Supreme Court has interpreted rule 15(a) and confirmed the liberal standard district courts must apply when granting such leave. In *Foman v. Davis*, 371 U.S. 178 (1962), the Court explained:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Id.* at 182.

---

[4] Plaintiff's proposed amended complaint does not consecutively number the alleged claims. *See* (ECF No. 113-1 at 18–31)

[5] On April 28, 2017, the court stated in a previous order that "if plaintiff wishe[d] to submit a renewed motion to amend his complaint, he must do so within thirty (30) days of the date of this order." (ECF No. 110 at 10).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Furthermore, "[a]s [the Ninth C]ircuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight. Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation and quotation marks omitted).

**III.  Discussion**

  *a. Amending the complaint*

As an initial matter, the court acknowledges that, though plaintiff was represented by an attorney from the commencement of this matter on March 25, 2016, through October 16, 2016, plaintiff has filed the instant motion *pro se*. Plaintiff's *pro se* filings are held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed . . . .") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

In plaintiff's instant motion, he asserts that his proposed amended complaint alleges substantially different claims than the first amended complaint that was filed. (ECF No. 113 at 2). Also, plaintiff argues that the proposed complaint does not prejudice the defendants and that he is adding specificity to his allegations to aid defendants in understanding the allegations against them. (*Id.*).

In response, CCEA argues that plaintiff "falls far short from curing the fatal deficiencies in the current [a]mended [c]omplaint." (ECF No. 114 at 6). In particular, CCEA asserts that plaintiff neglects to allege any pertinent fact regarding allegations against CCEA. (*Id.* at 6–7).

Additionally, CCSD contends that plaintiff's proposed amended complaint will greatly prejudice CCSD due to the five additional defendants and nine additional claims. (ECF No. 115 at 6–7). Specifically, CCSD argues that "plaintiff's attempt to [add five] new defendants and nine causes of action constitutes bad faith and supports the denial of [plaintiff's] instant motion." (*Id.* at 15–16). Further, CCSD argues that the proposed amended complaint is futile because the allegations are improperly pleaded and conclusory in nature. (*Id.* at 8–15).

For the reasons discussed below and set forth in the court's previous order (ECF No. 110), the court agrees that amendment would be futile and prejudice defendants.

Leave to amend a complaint should not be granted if amendment would be futile. *See Foman*, 371 U.S. at 182. Also, "[i]f a proposed amendment could not withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings made pursuant to Rule 15(a)." *Silva v. Gregoire*, No. C05-5731 RJB/KLS, 2006 WL 3289627, at *2 (W.D. Wash. Nov. 13, 2006) (citing *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646 (9th Cir. 1984)).

Here, plaintiff's proposed amended complaint would be futile as five of the fifteen counts he seeks to re-plead would be subject to dismissal for essentially the same reasons the court previously set forth (ECF No. 110). *See, e.g.*, *Frost v. Perry*, 919 F. Supp. 1459, 1469 (D. Nev. 1996). For instance, claim fourteen in the proposed amended complaint[6] is for punitive damages against all defendants; however, the court previously dismissed this same cause of action because there is no independent cause of action for punitive damages. *See Lund v. J.C. Penney Outlet*, 911 F. Supp. 442, 445 (D. Nev. 1996); *see also* (ECF No. 110 at 5).

Moreover, plaintiff seeks to re-plead four (4) claims against CCEA: breach of contract; unlawful dissemination/obtention/use of records of criminal history; a claim under 42 U.S.C. § 1983 for violation of plaintiff's Fourth, Fifth, and Fourteenth Amendment rights under the United States and Nevada Constitutions; and infliction of emotional distress.[7] *See* (ECF No. 113-1). Plaintiff provides additional facts about the surrounding circumstances in an attempt to add specificity to the re-pleaded claims, but the factual allegations do not rise above the speculative level needed to survive a motion to dismiss. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* (ECF No. 113-1). Consequently, plaintiff fails to cure the deficiencies the court previously identified in dismissing each of the claims against CCEA. *See* (ECF No. 110 at 5–7). Therefore, the four re-pleaded claims against CCEA would again be futile and subject to

---

[6] In the first amended complaint, this claim is count eight. (ECF No. 1).

[7] In the first amended complaint, the claims are respectively counts three, five, six, and seven. (ECF No. 1).

dismissal, resulting in undue delay. *See Garmon v. Cty. of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016) ("A district court abuses its discretion by denying leave to amend unless amendment would be futile or the plaintiff has failed to cure the complaint's deficiencies despite repeated opportunities.").

Similarly, plaintiff seeks to re-plead three (3) claims against CCSD: breach of contract by wrongful termination; breach of contract unlawful dissemination/obtention/use of records of criminal history; and infliction of emotional distress.[8] *See* (ECF No. 113-1). However, plaintiff fails to remedy the deficiencies recognized by the court in dismissing the three claims. *See* (ECF No. 110 at 7–8). Thus, the three claims would be futile and subject again to dismissal, producing undue delay. *See Garmon*, 828 F.3d at 842.

Ultimately, although plaintiff attempts to provide some specificity to the allegations in the proposed amended complaint through additional facts, plaintiff fails to assert the allegations and facts in a non-conclusory fashion. (ECF No. 113-1).

Based on the foregoing, the court will deny plaintiff's motion for leave to file a proposed second amended complaint.

*b. Motions for summary judgment*

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). Here, the court recognizes that its order regarding defendants' motions to dismiss and plaintiff's motion for leave to amend was entered after CCEA, CCSD, and CCSDPD filed their motions for summary judgment.

Therefore, apparently due to the court's order, CCSD submitted a motion for leave to file a supplemental brief in support of its motion for summary judgment based on the court's order on April 28, 2017. (ECF No. 120). Thus, to avoid delays and promote efficiency, the court will deny CCSD's and CCSDPD's motion for summary judgment, and CCSD may file a renewed motion

---

[8] In the first amended complaint, the claims are respectively counts two, five, and seven. (ECF No. 1).

for summary judgment (ECF No. 76) so as to remain consistent with the court's April 28, 2017, order.[9]

Additionally, in light of the court's April 28, 2017, order, the court will deny CCEA's motion for summary judgment (ECF No. 77) as moot because all causes of action against CCEA were dismissed. *See* (ECF No. 110).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff Michael Rowe's motion for leave to file amended complaint (ECF No. 113) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants CCSD and CCSDPD's motion for summary judgment (ECF No. 76) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendant CCSD may file, within fourteen (14) days, a renewed motion for summary judgment in accordance with the court's April 28, 2017, order (ECF No. 110).

IT IS FURTHER ORDERED that defendant CCEA's motion for summary judgment (ECF No. 77) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff Michael Rowe's most recent motion for leave to file an amended complaint (ECF No. 117) be, and the same hereby is, STRICKEN.

DATED July 7, 2017.

_____
UNITED STATES DISTRICT JUDGE

---

[9] The court's order states: "[A]ll claims against all defendants will be dismissed, except for plaintiff's § 1983 claim against CCSD regarding his Fifth Amendment right against self-incrimination, without prejudice." (ECF No. 110 at 9).

**James C. Mahan**
**U.S. District Judge**

- 7 -