UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL ROWE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CLARK COUNTY SCHOOL DISTRICT, et al.,<br><br>　　　　　　　　　　　Defendant. | Case No. 2:16-cv-00661-JCM-PAL<br><br>ORDER<br><br>(Mots –ECF Nos. 126, 127, 128, 131, 132, 133, 134, 135) |

Before the court are papers filed by Mr. Rowe, who is representing himself, entitled "Motion to Report Federal Racketeering" (ECF No. 126); "Motion to Request Letter for Violation of US Code 18 371" ECF No. 127); and "Motion to File a Complaint about this Rigged Federal Lawsuit" (ECF No. 128). Defendant Clark County School District (CCSD) responded to these papers by filing Motions to Strike (ECF Nos. 132, 133, 134). Plaintiff then filed an additional "Motion to Report Theory of Federal Racketeering" (ECF No. 131) which CCSD responded to by filing another Motion to Strike (ECF No. 135).

The plaintiff filed ECF Nos. 126, 127 and 128 as a single document; however, the clerk of court docketed it as three separate motions as three separate requests for relief are requested in the case caption. All of plaintiff's documents are addressed "Dear Mr. Mahan and Ms. Leen". The first three filings begin with an indication that plaintiff is not going to respond to the defendants' motion for summary judgment "because it's not fair." Plaintiff's filings reiterate arguments he has made many, many times that he believes he has been wronged by various individuals, entities and the court. His list of grievances includes claims: that individuals who have wronged him have engaged in racketeering and other crimes; that arbitration and Collective Bargaining proceedings preceding the filing of this case his lawsuit were "rigged" and conducted by corrupt persons; and that the defendants and others have used the federal courts "as an instrument to commit the

1

racketeering." He attaches various exhibits "to show you how dishonest" individuals he complains of have been in connection with his disputes with the defendants, his former counsel, and others. He believes the activities he has brought to light in underlying administrative procedures and in this court establish an unbearable form of public corruption "and it has made it impossible to even participate in the lawful legal process." He laments that paralegals he speaks with have difficulty comprehending the complexity of the scheme he has uncovered, and that his own friends "don't understand what's going on and they can't understand why my lawyers would do this to me." He questions "why even have the court system at all?" If he cannot amend his complaint and is "stuck with this rigged lawsuit" he asks if the district judge "would be so kind as to write a letter on my behalf explaining how you were tricked into making that false ruling against me."

Mr. Rowe had been warned in the past that Rule 11 of the Federal Rules of Civil Procedure provides that sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose, or is frivolous. *Nugget Hydro Electric, LP v. Pacific Gas & Electric Co.*, 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first). *See* Order (ECF No. 119) granting defendants' motion to strike plaintiff's duplicative motions. The current filings do not seek any form of relief authorized by the Federal Rules of Civil Procedure or the substantive law applicable to his complaint. They consist of expressions of frustration that have consumed unnecessary resources of the opposing party, and the court to the detriment of other litigants whose matters need to be decided.

Having reviewed and considered the matters,

**IT IS ORDERED** that:

Defendants' Motions to Strike (ECF Nos. 132, 133, 134, 135) are **GRANTED**.

DATED this 3rd day of November, 2017.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE