UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MICHAEL ROWE, | Case No. 2:16-CV-661 JCM (PAL) |
| Plaintiff(s), | ORDER |
| v. | |
| CLARK COUNTY SCHOOL DISTRICT, et al., | |
| Defendant(s). | |

Presently before the court is defendant Clark County School District's ("CCSD") motion for summary judgment. (ECF No. 124). Plaintiff Michael Rowe, who is currently representing himself *pro se*, has not filed a response, and the time for doing so has since passed.

Also before the court is plaintiff's motion for preliminary injunction. (ECF No. 83). Defendant Clark County Education Association filed a response (ECF No. 86), which defendant CCSD joined (ECF No. 90). Plaintiff has not filed a reply, and the time to do so has since passed.

**I.    Background**

As this is defendant's second motion for summary judgment, the parties are familiar with the facts of the case. The court therefore will limit its background discussion to relevant procedural history.

On July 11, 2017, the court denied plaintiff's motion for leave to file an amended complaint. (ECF No. 122). In the same order, the court denied defendant CCSD's motion for summary judgment as to "plaintiff's Section 183 claim against CCD regarding his Fifth Amendment right against self-incrimination." (ECF No. 122). This denial was without prejudice to re-file, and the court held that defendant could file, within fourteen days of the date of the order,

**James C. Mahan**
**U.S. District Judge**

a renewed motion for summary judgment in accordance with the court's April 28, 2017, order. (ECF No. 122).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

**James C. Mahan**
**U.S. District Judge**

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.     Discussion**

*i.     Section 1983 claim*

Defendant CCSD argues that it is entitled to summary judgment on plaintiff's Section 1983 claim, which is based on an alleged Fifth Amendment violation. CCSD asserts that its use of plaintiff's statements, which were made during an employment investigatory conference, to support plaintiff's termination did not violate plaintiff's constitutional rights. Plaintiff responds that use of these statements violated plaintiff's Fifth Amendment right against self-incrimination.

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

For a defendant to be held liable under § 1983, a plaintiff must demonstrate that the defendant personally participated in the alleged denial of rights. In other words, there can be no liability under § 1983 based on *respondeat superior* or any other theory of vicarious liability. *Monell v. Dep't of Soc. Services*, 436 U.S. 658, 663 n.7 (1978); *see also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability under § 1983 attaches upon personal participation by a defendant in the constitutional violation. *Taylor v. List*, 880 F.3d 1040, 1045 (9th Cir. 1989).

The Fifth Amendment guarantees a "right against self-incrimination." *Arizona v. Robertson*, 486 U.S. 675, 685 (1988). The text of the amendment reads, in relevant part, "nor shall [any person] be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. In order to maintain a cognizable § 1983 claim based upon a violation of the Fifth Amendment's right against self-incrimination, an entity must "use the compelled statement in a criminal case." *Crow v. Cty. of San Diego*, 608 F.3d 406, 427 (9th Cir 2010).

Here, plaintiff has not demonstrated that CCSD violated his Fifth Amendment right against self-incrimination. Plaintiff's primary allegation to support his claim that his right against self-incrimination was violated is that defendant used plaintiff's statements made during an employment investigatory conference in later dismissal proceedings. This allegation does not support a § 1983 claim, as plaintiff's statements were not compelled and were not used against him in a criminal proceeding.

Plaintiff's statements made during the employment investigatory conference on February 26th were not compelled. The employment investigatory conference policies are part of a collective bargaining agreement, and under the agreement CCSD did not have the power to compel an employee to attend the conference or to answer questions. (ECF No. 124-1 at 3–4). Plaintiff

James C. Mahan
U.S. District Judge

- 4 -

attended on his own volition, and answered questions by choice.[1] Therefore, plaintiff cannot assert a Fifth Amendment violation. *See Crow*, 608 F.3d at 427.

Plaintiff's statements were not used against him in any criminal proceeding. Plaintiff's complaint specifically notes that the state dropped all criminal charges against plaintiff prior to trial. (ECF No. 1 at 10). Therefore, the proceedings that plaintiff alleges his Fifth Amendment rights were violated during must be the dismissal arbitration. The Fifth Amendment does not apply to such proceedings. *See Crow*, 608 F.3d at 427.

   *ii.   Motion for preliminary injunction*

Per the court's prior orders in this case, all claims except for plaintiff's § 1983 claim against CCSD have been dismissed. As the court will grant summary judgment in favor of CCSD on plaintiff's § 1983 claim, there are currently no outstanding claims in the action. The court will instruct the clerk to dismiss the case. Plaintiff's motion for preliminary injunction is therefore moot.

**IV.   Conclusion**

The use of plaintiff's statements did not violate his Fifth Amendment rights. As such, plaintiff cannot state a cognizable § 1983 claim against defendant CCSD.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (ECF No. 124) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for preliminary injunction (ECF No. 83) be, and the same hereby is, DENIED as moot.

. . .

. . .

. . .

---

[1] Further, plaintiff was advised in writing prior to the conference that he was entitled to representation at the conference. CCSE attorney Ed Alvarado was at the conference. (ECF No. 124-2 at 7). When asked during his deposition about Mr. Alvarado's presence at the conference and whether plaintiff had CCEA representation at the meeting, plaintiff stated "I would agree [that I had CCEA representation]; however, I think it would have been in my best interest to have a criminal defense attorney." (ECF No. 124-2 at 7).

James C. Mahan
U.S. District Judge

- 5 -

The clerk shall enter judgment accordingly and close the case.

DATED November 8, 2017.

_____
UNITED STATES DISTRICT JUDGE